IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH H NEFF,

      Plaintiff,

  v.                                        Civil Action 2:19-cv-3435
                                              Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Jolson

ARNOLD TRANSPORTATION,
INC., et al.,

      Defendants.

**OPINION AND ORDER**

This is a personal injury negligence action stemming from an August 3, 2017, motor vehicle accident. (*See generally* Doc. 4). The parties are nearing the end of discovery but recently encountered several disputes over expert disclosures and corresponding deadlines. (*See* Docs. 28, 29, 30). The Court ordered the parties to submit short letter briefs, and this matter is ripe for resolution.

Two narrow disputes are at issue: (1) Whether Plaintiff's primary treating physician, Dr. James Latshaw, must submit an expert report under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure; and (2) Whether Defendants must submit their medical expert's report by the primary or rebuttal expert deadline.

    **I.    DR. LATSHAW**

"Generally, 'a treating physician is not required to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not retained or specially employed to provide expert testimony in the case.'" *Reynolds v. Knox Cty. Gov't*, No. 3:17-CV-79-HSM-DCP, 2018 WL 6523439, at *2 (E.D. Tenn. Dec. 12, 2018) (internal quotation marks and citation omitted) (quoting *Taylor v. U.S.*, No. 2:04-cv-128, 2005 WL 5984597, at *1 (E.D. Tenn. Nov. 23,

2005)).  Thus, a treating physician may testify without submitting an expert report on "a permissive core [of] issues," including those "'pertaining to treatment, based on what he or she learned through actual treatment and from plaintiff's records up to and including the treatment.'" *Cannon v. Licking Cty., Ohio*, No. 2:17-CV-00004, 2019 WL 5543032, at *4 (S.D. Ohio Oct. 25, 2019) (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 2, 2007)).  "In other words, if a doctor is basing his opinion on what he learned through the treatment of the patient, then no expert report is required." *Cannon*, 2019 WL 5543032, at *4; *see also Reynolds*, 2018 WL 6523439, at *4 (noting that "[t]he determinative issue is the scope of the proposed testimony").

Defendants contend that Dr. Latshaw must submit an expert report because he will testify on the cause and permanency of Plaintiff's injuries.  But "Rule 26(a)(2)(B) does not require an expert report from a treating physician . . . when he was simply testifying as to the cause of plaintiff's condition." *Reynolds*, 2018 WL 6523439, at *3 (citing *Fielden*, 482 F.3d at 869). Indeed, "'doctors may need to determine the cause of an injury in order to treat it' and [] 'determining causation may therefore be an integral part of treating a patient.'" *Reynolds*, 2018 WL 6523439, at *4 (quoting *Fielden*, 482 F.3d at 870).

Accordingly, Dr. Latshaw may, "without the need for an expert report," testify as to "information [learned] through the normal course of treating" Plaintiff, including the cause of Plaintiff's injuries. *Id*.  And given Plaintiff's representation that Dr. Latshaw will testify within this permissive area, Dr. Latshaw is not required to submit a written report under Rule 26(a)(2)(B). *See, e.g.*, *Cannon*, 2019 WL 5543032, at *4 (concluding that plaintiff "was not required to file an expert report before [treating physician] could testify on the causation of the injuries" because treating physician "relied on his ordinary medical training to diagnose and treat . . . [plaintiff]");

*Reynolds*, 2018 WL 6523439, at *4 (holding that plaintiff's treating physicians were not required to submit expert report where plaintiff represented that they would testify "as to the underlying cause of her emotional distress that they developed during the ordinary course of treating [her]").

Importantly, Dr. Latshaw is not entirely exempt from Rule 26's disclosure requirements. He is "still subject to the requirements [of] Rule 26(a)(2)(C)," meaning Plaintiff must provide the subject matter on which Dr. Latshaw is expected to testify, as well as a summary of the facts and opinions to which Dr. Latshaw is expected to testify. *Reynolds*, 2018 WL 6523439, at *4. Simply "producing medical records during discovery or identifying treating physicians in response to interrogatories are not substitutes for providing the required disclosures under Rule 26(a)(2)(C)." *Id*. (collecting cases). Rather, "'[a] summary of opinions under [that Rule] means a brief account of the main opinions of the expert, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case.'" *Id*. (quoting *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)).

To summarize, it does not appear at this time that Dr. Latshaw must submit a written report under Rule 26(a)(2)(B). If, however, Plaintiff's disclosures under Rule 26(a)(2)(C) or Dr. Latshaw's deposition testimony "go[es] beyond [his] course of treatment, the Court may revisit this issue upon a motion by Defendant[s]." *Reynolds*, 2018 WL 6523439, at *4.

**II.     Expert Deadlines**

The second issue can be dealt with in short order. Defendants assert that, under the Court's staggered expert deadlines, they may wait until the rebuttal expert deadline to submit their expert report. Not so. Rebuttal evidence "is limited to 'evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or

3

(C) . . .'" *Moore v. Weinstein Co., LLC*, No. 3:09-CV-00166, 2012 WL 1884758, at *12 (M.D. Tenn. May 23, 2012), *aff'd*, 545 F. App'x 405 (6th Cir. 2013) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)).

Defendants do not assert that their medical expert's testimony is intended "solely to contradict or rebut evidence on the same subject matter identified by" Plaintiff. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also Moore*, 2012 WL 1884758, at *12 ("[P]laintiffs do not identify an expert report or opinion testimony to which the Chasser Declaration is responsive."). "Thus, under a straightforward application of the federal rules, [Defendants' expert report] does not constitute a rebuttal report pursuant to Rule 26(a)(2)(D)(ii)." *Moore*, 2012 WL 1884758, at *12. Furthermore, "[i]n a case like this, where there are staggered deadlines for the disclosure of expert witnesses, Defendant[s'] interpretation of the scheduling order would allow [them] to foreclose Plaintiff's ability to call a rebuttal expert[.]" *Georgel v. Preece*, No. CV 0:13-57-DLB, 2014 WL 12647775, at *2 (E.D. Ky. Dec. 10, 2014).

Therefore, under Rule 26(a)(2)(D), Defendants must submit their expert report by the primary expert report deadlines established in the December 28, 2020, case schedule. (Doc. 30). Any rebuttal evidence shall be produced by the rebuttal deadlines set forth in that order.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's treating physician, Dr. Latshaw, is not required to submit a written report under Rule 26(a)(2)(B). If, however, Plaintiff's disclosure under Rule 26(a)(2)(C) or Dr. Latshaw's deposition testimony falls outside the scope of his course of treatment, the Court may revisit this issue upon a motion by Defendants. Additionally, Defendants must produce any expert report by the primary expert report deadlines established in the most

4

recent case scheduling order (Doc. 30).  Any rebuttal evidence shall be produced by the rebuttal deadlines set forth in that order.

    IT IS SO ORDERED.


Date:   January 6, 2021                                  /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE